Opinion filed November 17,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-11-00304-CR & 11-11-00305-CR

                                                    __________

 

                             JOSEPH
MARK CHARLES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                       Trial Court Cause
Nos. CR37407 & CR37408

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Appellant,
Joseph Mark Charles, pleaded guilty to the offenses of indecency with a child
as a lesser included offense of aggravated sexual assault and intentionally
causing serious injury to a child.  The trial court convicted appellant of
these offenses and assessed punishment pur-suant to the plea bargain agreement
at confinement for fifteen years and thirty-five years respectively.  We
dismiss the appeals.

            The
papers on file in this court indicate that appellant’s sentences were imposed
on August 25, 2011, and that no motions for new trial were filed.  Appellant
filed a pro se notice of appeal in each case on October 14, 2011, fifty days
after the date sentence was imposed.  On October 21, 2011, upon receiving
appellant’s notices of appeal, the docketing statements, the judgments, and the
trial court’s certifications of the right of appeal, this court notified the
parties by letter that the notices of appeal appeared to be untimely, that these
were plea-bargain cases in which appellant has no right of appeal, and that
appellant had waived his right of appeal.  We requested that appellant respond
and show grounds for continuing the appeals.  We also informed appellant that
the appeals may be dismissed for want of jurisdiction.

Appellant
filed a response on November 7, 2011.  In his response, appellant acknowledged
his lack of legal expertise, requested an extension so he could pursue these
appeals on the grounds of ineffective assistance of counsel, and stated that he
was in the process of filing various motions and a post-conviction habeas corpus.

Pursuant
to Tex. R. App. P. 26.2, the
notices of appeal were due to be filed within thirty days after the date the
sentences were imposed in open court.  Appellant’s notices of appeal were not
filed until fifty days after his sentences were imposed.  Appellant did not
file a motion for extension of time as provided for in Tex. R. App. P. 26.3.  Rule 26.3 mandates that the notice of
appeal and the motion for extension must be filed within fifteen days after the
deadline for filing the notice of appeal.  Absent a timely notice of appeal or
compliance with Rule 26.3, this court lacks jurisdiction to entertain an
appeal.  Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996); Rodarte v. State,
860 S.W.2d 108 (Tex. Crim. App. 1993).  We are also without jurisdiction to
grant appellant’s request for extension that was included in his response to
this court’s letter because such request was filed more than fifteen days after
the date that the notices of appeal were due.  Olivo, 918 S.W.2d 519. 

Accordingly,
these appeals are dismissed for want of jurisdiction.

 

PER CURIAM

 

November 17,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.